UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: CIV-

07-14140CIV-MARTINEZ

MAGISTRATE JUDGE LYNCH

DEBORAH ZECCARDI,

Plaintiff,

vs.

CITY OF PORT ST. LUCIE,

Defendant.

_____/

FILED by _____ D.C.

MAY 07 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. PIERCE

## COMPLAINT

COMES NOW the Plaintiff, DEBORAH ZECCARDI, [hereinafter referred to as "ZECCARDI"], by and through his undersigned attorney, hereby files this lawsuit against Defendant, CITY OF PORT ST. LUCIE, [hereinafter referred to as "DEFENDANT"] and as grounds therefore alleges as follows:

### JURISDICTION

1. This is an action for damages as a result of the DEFENDANT's violation of the Family Medical Leave Act, 29 U.S.C.§ 2601, et seq.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely a violation of 29 U.S.C.§ 2601, et seq. Jurisdiction is conferred by Title 28, U.S.C. §1337 and 29 U.S.C.§2601, et seq.

3. DEFENDANT is a governmental entity operating under the laws of the State of Florida.

### VENUE

4. The Plaintiff is a resident of Saint Lucie County, Florida.

-1-

5. This cause of action occurred in Saint Lucie County, Florida, and at all times material hereto, Defendant conducted business at 121 S.W. Port St. Lucie Blvd., Port St. Lucie, Florida 34984-5099.

6. DEFENDANT's principal address is 121 S.W. Port St. Lucie Blvd., Port St. Lucie, Florida 34984-5099.

## COMMON ALLEGATIONS

7. Plaintiff ZECCARDI was employed with the DEFENDANT from January 16, 2001 to the date of her retaliatory termination on or about April 6, 2007.

8. ZECCARDI's job position was License Investigator within the DEFENDANT's Building Department.

9. Unfortunately, on January 13, 2007, ZECCARDI suffered multiple fractures of her left foot which necessitated approximately three months of medical leave.

10. As a result of ZECCARDI's injuries, pins were put in her foot, she was placed on non-weight bearing status, and put on a regiment of pain medications.

11. ZECCARDI advised DEFENDANT of this serious medical condition.

12. ZECCARDI completed the necessary forms and was approved for Family and Medical Leave by DEFENDANT.

13. It was anticipated that Plaintiff ZECCARDI would recover and return to work within the twelve (12) weeks of medical leave permitted under the company's FMLA policy. (A true and correct copy of Defendant's letter to ZECCARDI approving her FMLA leave effective January 17, 2007 is attached hereto as Exhibit "A").

14. Plaintiff ZECCARDI began her approved leave.

15. From approximately January 15, 2007 and thereafter through her leave, ZECCARDI maintained regular contact with her immediate supervisor, SHARON HERMAN, as well as with TAMMY WILLIAMSON and SUSAN WILLIAMS of the Defendant's Human Resources department. At no time did any of these individuals advise ZECCARDI of any alleged insubordination on ZECCARDI's part or problems with her job.

16. For instance, on March 19, 2007, ZECCARDI sent an e-mail to WILLIAMS wherein she advised of her medical condition and inquired as to the availability of a possible reduced work schedule.

17. On March 20, 2007, by way of return e-mail, WILLIAMS responded to ZECCARDI.

18. In this e-mail, WILLIAMS thanked ZECCARDI for advising her of her medical status, and stated that while she did not believe a reduced work schedule was available for ZECCARDI, that ZECCARDI could check back at a later date.

19. In this March 20, 2007 e-mail exchange, WILLIAMS made no mention of any problem with ZECCARDI's employment with Defendant.

20. On or about March 23, 2007, ZECCARDI received a letter enclosing an Employee Discipline Notice/Written Reprimand recommending her termination as a result of alleged insubordination which occurred back on January 12, 2007 incident. (A true and correct copy of said Notice is attached hereto as Exhibit "B").

21. Plaintiff ZECCARDI was shocked and surprised to learn that the DEFENDANT recommended ZECCARDI's termination.

16. Plaintiff ZECCARDI has exhausted all remedies prior to bringing this lawsuit.

17. Plaintiff ZECCARDI contends that the recommendation and subsequent consideration for termination, during her approved Family Medical Leave request, is highly suspect.

18. As evidence of the DEFENDANT's suspect reasons for her termination, the alleged insubordination occurred January 12, 2007, and was not brought to ZECCARDI's attention until after she was on medical leave, some two and one-half months later.

### COUNT I
### RETALIATION
### IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA) 29 U.S.C. §26112(A)

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

19. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FMLA, as defined within the Family and Medical Leave Act.

20. Plaintiff suffered from a serious medical condition which qualified him for leave time and benefits under the FMLA.

21. At all times relevant, Defendant was the employer of Plaintiff within the meaning of the FMLA.

22. Defendant is an employer engaged in the industry or activity affecting interstate commerce.

23. Defendant is an public employer subject to the regulations of the Family and Medical Leave Act.

24. Plaintiff worked for the Defendant for at least twelve (12) months as a full-time employee.

25. Plaintiff worked at least 1250 hours during the course of the last twelve (12) months or her employment preceding discharge for the Defendant.

26. Plaintiff worked in a location with the Defendant which employed at least fifty (50) employees within a 75 mile radius.

27. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work weeks in a twelve (12) month period of time.

28. Defendant terminated Plaintiff while she was on an approved medical leave.

29. Defendant terminated Plaintiff without good cause.

30. Defendant interfered with Plaintiff's rights under the FMLA by terminating Plaintiff.

31. Defendant's discharge of Plaintiff violates Sub-section B of the FMLA.

32. The stated reasons for Plaintiff's termination are pretextual.

33. Defendant's aforementioned conduct violates the FMLA.

34. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered harm and damages.

35. Plaintiff has suffered damages as a result of the Defendant's conduct, by and through its agents, employees and/or representative.

36. As a further and direct proximate result of the Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain counsel of the services of the undersigned law firm.

37. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff requests that his reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act 29 U.S.C. §2617.

38. Furthermore, Plaintiff demands as a further and direct proximate result of the Defendant's violation of the FMLA as heretofore described, that she be awarded damages including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the statute, interest of the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be appropriate, including re-employment, re-instatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this court deems just and appropriate under the circumstances.

39. Plaintiff further demands trial by a jury.

DATED this _4_ day of May, 2007.

                                        Law Offices of Cathleen Scott, P.A.
                                        Jupiter Gardens
                                        250 South Central Boulevard
                                        Suite 104-A
                                        Jupiter, FL 33458
                                        Telephone: (561) 653-0008
                                        Facsimile: (561) 653-0020

                                        _/s/ Cathleen Scott_
                                        Cathleen Scott, Esq.
                                        Florida Bar No.: 135331
                                        cscott@floridalaborlawyer.com
                                        Kathleen M. Bonczyk, Esq.
                                        Florida Bar No.: 705551
                                        kbonczyk@floridalaborlawyer.com

Apr 23 07 08:55p    Deborah Zeccardi           7723441179              p.7



# CITY OF PORT ST. LUCIE
## Human Resources

• • • • • • • • • • • •

### WE'RE HERE FOR YOU

**YOU DESERVE
Resourceful
Employees
Serving
People
Everyday with
Compassion &
Thoughtfulness**

*Tamara J.
Williamson, PHR
Director, Human
Resources*

*Sharon Pack,
Assistant Director,
Susan Williams,
HR Manager
Carol Anderson,
Office Manager
Tracey Skinner,
Benefits Coordinator
Lisa Mochan,
Recruitment
Coordinator
Claudia McCaskill,
HR Technician
Julie Woodall,
Records Specialist
Natalie Cabrera,
Admin. Assistant
April Hampton,
Secretary*

February 9, 2007

Debbie Zeccardi
3505 SW Macon Road
Port St Lucie, Fl. 34953

Dear Ms. Zeccardi,

Your FMLA leave of absence has been approved pursuant to FMLA entitlements.

Your 12 - month rolling calendar for FMLA purposes is effective 1-17-2007 through 1-16-2008.

If you have any questions regarding this matter, please feel free to contact me at 871-5207.

Sincerely,

Susan Williams
Human Resource Manager
City of Port St. Lucie

121 S.W. Port St. Lucie Boulevard • Port St. Lucie, FL 34984-5099 • 772/344-4335
TDD# 772/873-6339   Job Line 772/807-4473



# CITY OF PORT ST. LUCIE
## EMPLOYEE DISCIPLINE NOTICE/WRITTEN REPRIMAND

Employee's Name: __Deborah Zeccardi__    Issued: __3/23/07__

Emp. #.: __1239__    Dept: __Building__    Division: __Contractor Licensing__

Type of Violation: Group I _____ Group II: _____ Group III: __#7__ Other: _____

| INCIDENT: | DATE: | NOTES ON DISPOSITION OF CASE: (For HR use only) |
|---|---|---|
| Violation of City Policy/Procedure | 1/12/07 | Date Suspension Served: |
| Violation of Safety Rules/Regulations | | Hours Forfeited: |
| Violation of Department Policy/Procedurea | | Grievance/Appeal Filed: |
| Other: | | Final Result: |
| | | Notes: |

**Employer Statement**: On January 12, 2007 at approximately 2:07 p.m., Ms. Zeccardi was given a direct order by her supervisor, Jack Reisinger, to stay for a meeting to review her annual evaluation. After being given 3 specific directives to stay for the meeting, Ms. Zeccardi left the building. Her refusal to stay for the meeting was a violation of the City's Personnel Rules and Regulations, Section 18.03, Group III, #7, Insubordination by refusing to perform work assigned, or to comply with written or verbal instructions of a supervisor, Department head, foreman, or City Manager. See attached Investigative Report and written summary of investigation for further information.

Action To Be Taken: Written Reprimand _____ Suspension, # of days _____ Demotion _____ Other __X__

**TERMINATION OF EMPLOYMENT, EFFECTIVE APRIL 6, 2007.**

Progressive discipline may be imposed for further similar infractions; however, the City reserves the right to impose termination as may be warranted.

Employee Statement: ____ I agree with Employer's statement    ____ I disagree with Employer's statement and will appeal.

Employee Remarks: _____

_____

You may continue your remarks on a separate piece of paper if necessary

I have read this Employee Disciplinary Notice/Written Reprimand and understand it. _Signing under protest_

Employee's Signature: _[signature]_    Date _3/23/07_

Signature of Supervisor Who Issued Warning: _[signature]_    Date _3/23/07_

Signature of Department Head/City Manager: _[signature]_    Date _3/23/07_

Employee Has the Right to grieve/appeal this action pursuant to the City's Employee Handbook or any applicable Collective Bargaining Agreement.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
DEBORAH ZECCARDI

### DEFENDANTS
City of Port St. Lucie

**(b)** County of Residence of First Listed Plaintiff: **St. Lucie County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **St. Lucie County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**07-14140**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Cathleen Scott. P.A., 250 South Central Blvd.
Jupiter, Florida 33458, (561) 653-0008

Attorneys (If Known)

**CIV-MARTINEZ**

**MAGISTRATE JUDGE LYNCH**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

*Action Arose in St. Lucie County*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

*FILED by ___ D.C.*
*MAY 0 7 2007*
*CLARENCE MADDOX*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. • FT. PIERCE*

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FMLA 29 U.S.C. section 2601

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  5-7-07
SIGNATURE OF ATTORNEY OF RECORD

---
**FOR OFFICE USE ONLY**
RECEIPT # 232429   AMOUNT $ 350.00   APPLYING IFP ___   JUDGE JEM   MAG. JUDGE FJL

2:07cv14140